IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RUBEN LEON,**<br>    **Plaintiff,**<br><br>V.<br><br><br>**CHICAGO POLICE OFFICERS**<br>**H. CANDELARIO, STAR # 11451,**<br>**J. COWIN, STAR # 19145,**<br>**J. MUNOZ, STAR # 10307,**<br>**R. ROMERO, STAR # 6340,**<br>**AND  THE CITY OF CHICAGO**<br>    **Defendants.** | FILED: JULY 18, 2008<br>08CV4141<br>JUDGE NORGLE<br>MAGISTRATE JUDGE COX<br><br>PH |

## COMPLAINT

NOW COMES the PLAINTIFF RUBEN LEON by his undersigned attorneys and complains against defendants and alleges as follows:

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 1981 and 1985; 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

1

## PARTIES

2. Plaintiff RUBEN LEON is a resident of the city of Chicago, county of Cook, and state of Illinois.

3. Defendant H. CANDELARIO, STAR # 11451 was at all times material to this Complaint a CHICAGO POLICE OFFICER.  He is sued individually.

4. Defendant J. COWIN, STAR # 19145 was at all times material to this complaint a CHICAGO POLICE OFFICER.  He is sued individually.

5. Defendant J. MUNOZ, STAR # 10307 was at all times material to this Complaint a CHICAGO POLICE OFFICER.  He is sued individually.

5. Defendant R. ROMERO, STAR # 6340 was at all times material to this Complaint a CHICAGO POLICE OFFICER.  He is sued individually.

6. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of defendant police officers CANDELARIO, COWIN, MUNOZ and ROMERO.

6. Defendants CANDELARIO, COWIN, MUNOZ and ROMERO were at all times material to this Complaint acting under color of law.

## STATEMENT OF FACTS

7. On November 30, 2006, Plaintiff LEON resided in the City of Chicago, County of Cook, State of Illinois.

8. On November 30, 2006, at approximately 2:30pm, Defendants CANDELARIO, COWIN, and ROMERO stopped and detained a vehicle in the alley of 643 W. 18th St., Chicago, Illinois in which Plaintiff LEON was a front seat passenger.

9. Defendants CANDELARIO, COWIN and ROMERO ordered Plaintiff LEON out of the vehicle and to the ground at gun point.

10. Defendant ROMERO pulled Plaintiff LEON out of the car, forced him to the ground, and placed handcuffs on him.

11. Subsequently, Defendant MUNOZ searched the vehicle and recovered a 9MM Ruger semi-auto pistol from the vehicle.

12. Defendants arrested and transported Plaintiff LEON to the 12th district for processing and charged Plaintiff LEON with two counts of aggravated unlawful use of a weapon.

13. At no time did Defendants have probable cause to take Plaintiff LEON into custody.

14. At not time did Defendants have probable cause or justification to charge Plaintiff LEON with two counts of aggravated unlawful use of a weapon.

15. Defendants communicated, or caused to be communicated, a false story to the Cook County State's Attorney as the factual basis for the two counts of aggravated unlawful use of a weapon charged against Plaintiff LEON.

16. Defendants knew they had information that, if communicated to the State's Attorney at any point during the pendency of the prosecution, would have resulted in the refusal to bring criminal charges against Plaintiff LEON and/or the dismissal of all criminal charges.

17. Defendants knew and intended that their withholding of information would result in the initiation of and continued malicious prosecution of Plaintiff LEON.

18. Defendants withholding of information caused the false arrest and malicious prosecution to be initiated and to continue.

19. On 3/31/08, Plaintiff LEON was found not guilty of both counts of aggravated unlawful use of a weapon.

20. From November 30, 2006 to the present, Defendants continued to lie and/or withhold information from the prosecutors and the court about the facts of the case including at the trial at which time Defendants MUNOZ and ROMERO testified.

21. Defendants knew that such an arrest, detention, and prosecution could only be made based upon probable cause, and a reasonable officer in their position would have known that there was not probable cause for the arrest, detention or prosecution of Plaintiff LEON.

22. Defendants had a duty to determine whether there was probable cause to justify the arrest and detention of Plaintiff LEON. Defendants had a duty to act to prevent a false prosecution, a duty to testify truthfully in their reports and in court, opportunities to act to prevent the prosecution and prevent the injuries and harm to Plaintiff LEON, yet failed to take action to prevent the prosecution and prevent the injuries and harm to Plaintiff LEON and in fact, engaged

in specific acts and omissions, as more fully set forth above, calculated and intended to result in the continued prosecution of Plaintiff LEON.

23. Defendants directly and proximately caused the false arrest and malicious prosecution of Plaintiff LEON by the misconduct and unlawful acts set forth more fully above.

24. The acts and omissions of Defendants as set forth more fully above, were wanton and willful.

25. Defendants malicious prosecution of Plaintiff LEON directly resulted in his damages as set forth in more detail below.

26. Moreover, Plaintiff LEON has been traumatized as a result of defendants' actions. Plaintiff LEON suffered a loss of liberty for crimes he did not commit. He experienced mental pain, distress, anguish and a lack of enjoyment in life, and was prevented from going about his regular business during his period in custody and pendency of case.

## COUNT I
### (Plaintiff's Claim for False Arrest and Imprisonment Section 1983)

27. Plaintiff LEON realleges paragraphs 1-26 with the same force and effect as if fully set forth herein.

28. Defendants CANDELARIO, COWIN, and ROMERO prepared police reports which falsely alleged that plaintiff LEON unlawfully possessed a weapon. The Defendants deliberately failed to contradict or disavow the reports. On the basis of the Defendants' false allegations, Plaintiff LEON was illegally arrested without probable cause. As a result of the Defendants' false allegations and Plaintiff LEON'S resulting illegal arrest without probable cause, Plaintiff LEON was detained in custody and held continuously in custody from approximately 2:30pm, November 30, 2006, to approximately 2:30pm, December 1, 2006. These actions by the Defendants constitute false arrest and imprisonment under the Fourteenth Amendment and is actionable under 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff LEON requests that this Court award him substantial money damages to compensate for the injuries caused by Defendants intentional or reckless, and illegal

acts; and since their actions were malicious, willful and/or wanton, Plaintiff LEON demands punitive damages plus the costs of this action and attorney fees.

## COUNT II
**(Plaintiff's Pendent State Claim for Malicious Prosecution Against Defendants)**

29. Plaintiff LEON realleges paragraphs 1-28 with the same force and effect as if fully set forth herein.

30. Defendants maliciously and without probable cause caused the false charging and prosecution of Plaintiff LEON on fabricated charges.

31. The prosecution of Plaintiff LEON was terminated in his favor.

32. As a result of the malicious prosecution, Plaintiff LEON was deprived of liberty as set forth above.

33. The actions of Defendants in maliciously prosecuting Plaintiff LEON constituted a violation of his rights under Illinois law to be free from malicious prosecution without probable cause and caused the injuries set forth above.

34. Defendants actions in maliciously prosecuting Plaintiff LEON were willful and wanton.

WHEREFORE, Plaintiff LEON demands judgment against Defendants for compensatory damages plus the costs of this action and such other relief as this Court deems equitable and just.

## COUNT III

**(745 ILCS 10/9 102- Defendant CITY of CHICAGO)**

35. Plaintiff LEON realleges paragraphs 1-34 with the same force and effect as if fully set forth herein.

36. Defendant CITY OF CHICAGO is the employer of individual Defendants.

37. Defendants committed the acts alleged above under color of law and in the scope of their

employment as employees of the City of Chicago.

WHEREFORE, should Defendants be found liable on one or more of the claims set forth above, Plaintiff LEON demands that, pursuant to 745 ILCS 10/9-102, Defendant CITY OF CHICAGO be found liable for any judgments Plaintiff LEON obtains thereon against said Defendants as well as for all attorney fees and costs.

A JURY TRIAL IS DEMANDED ON ALL COUNTS

/s/ Melinda Power
Melinda Power

/s/ Sandeep Basran
Sandeep Basran

Attorneys for Plaintiff,
Melinda Power
mpwr2502@earthlink.net
Sandeep Basran
ssbasran@gmail.com
West Town Community Law Office
2502 W. Division, Chicago, Illinois 60622
Tel: 773/278-6706     Fax: 773/278-0635

6